**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re *Ex Parte* Application of Nebahat Evyap İşbilen, pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings,<br><br>Petitioner. | Misc. Case No. M-_____ |

### *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Petitioner, Nebahat Evyap İşbilen, respectfully asks this Court to grant the Order submitted with this Application, which gives Petitioner leave pursuant to 28 U.S.C. § 1782 and Rules 26 and 45 of the Federal Rules of Civil Procedure, to serve Standard Chartered Bank, Citigroup Inc. d/b/a Citibank, Bank of New York Mellon Corporation, JP Morgan Chase Bank N.A., Goldman Sachs and Co., Bank of America N.A., Deutsche Bank A.G., Deutsche Bank Trust Company Americas, HSBC Bank, Societe Generale, and M&T Bank Corporation ("M&T Bank") (the "Subpoenaed Entities") the subpoenas attached as "Exhibits A-K" to this Application, and in support thereof states as follows.

The requested relief is for the purposes of obtaining necessary discovery in aid of a pending foreign proceeding. Petitioner, Mrs. İşbilen, is a Turkish national resident in the United Kingdom. Mrs. İşbilen is a victim of a multinational fraud committed against her by Mr. Selman Turk. In March 2021, Mrs. İşbilen brought a civil claim against Mr. Turk in the High Court of Justice of England and Wales, whom she alleges took effective control of at least US$87.5 million of her personal funds between 2016 and 2020 (the "English Proceedings"). Mrs. İşbilen alleges in the English Proceedings that Mr. Turk dishonestly and systematically abused the trust that she placed in him and breached the fiduciary obligations that he owed her through numerous dealings with those assets (alternatively, that

he dishonestly or unconscionably induced her to sign documents purporting to execute a large number of agreements and transactions), from which she has suffered substantial losses. The total value of Mrs. İşbilen's claims against Mr. Turk, in respect of funds that she claims are missing or have been dissipated or squandered while Mr. Turk was exercising control, exceeds £40 million.

Mrs. İşbilen also has claims in the English Proceedings against SG Financial Group Limited, Barton Group Holdings Limited, Sentinel Global Asset Management, Inc., Sentinel Global Partners Limited, AET Global DMCC, Forten Holdings Limited, Forten Limited, Heyman AI Limited (in liquidation), and Gary Bernard Lewis. Each of these defendants is connected with Mr. Turk and is alleged to have received and to be liable to repay, substantial amounts of Mrs. İşbilen's money or its traceable proceeds (these nine defendants, together with Mr. Turk, are collectively referred to as the "English Defendants").

Mr. İşbilen alleges in the English Proceedings that Mr. Turk took control of the proceeds of US$37.5 million worth of promissory notes and caused the bulk of those funds to be transferred to various entities connected with a purported Cayman investment fund, the "Sentinel fund," which Mr. Turk had established with Mr. Lewis. Mrs. İşbilen has testified that she had no knowledge of the so-called "Sentinel fund". Mrs. İşbilen further alleges in the English Proceedings that Mr. Turk opened a number of bank accounts in Mrs. İşbilen's name, into which various amounts of Mrs. İşbilen's funds have been transferred. Mr. Turk is alleged to have procured a large number of unauthorized transfers to himself and third parties out of these accounts.

In addition, businesses operated by Mr. Turk and Mr. Lewis, or their subsidiaries, hold or held accounts at M&T Bank in New York, which received at least $6,400,000 from funds redeemed

from the "Sentinel fund." Mrs. İşbilen seeks discovery from M&T Bank of complete banking records for each of these accounts.

The English Proceedings assert claims against the English Defendants that seek to identify the whereabouts of Mrs. İşbilen's money and, ultimately, recover those assets. Based upon the Declaration of Jonathan Tickner and the accompanying Memorandum of Law to this Application, the Court should grant this Application *ex parte*.

### A. The Documents Sought

Petitioner seeks bank records and documents from the Subpoenaed Entities related to the English Defendants' bank and investment accounts—comprising detailed SWIFT and other transaction data for transactions made to or from Mrs. İşbilen's own accounts and known or suspected accounts held by the English Defendants, or their affiliates or agents, which the Petitioner believes were used to conduct business and transfer assets in the United States.

### B. Petitioner's Application Should Be Granted

Petitioner meets all the statutory criteria for the issuance of an order allowing the requested discovery under 28 U.S.C. § 1782. The Subpoenaed Entities are all located in this District. The Petitioner seeks to use the documents it requests from the Subpoenaed Entities in a pending foreign proceeding. The documents sought from the Subpoenaed Entities are necessary to support and provide evidence for Petitioner's claims against the English Defendants in the ongoing English Proceedings, to identify where her money has gone for the purpose of assisting the English Court to identify assets for recovery, and to plead further claims in England. Moreover, as set forth in her Memorandum of Law filed concurrently herewith, all the discretionary factors that this Court may consider likewise favor granting this *ex parte*

application. *See Intel Corp.* v. *Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (describing discretionary factors).

Accordingly, Petitioner respectfully requests that the Court (a) grant the Application for Order to Conduct Discovery in a Foreign Proceeding *Ex Parte*; (b) enter the Proposed Order; (c) grant Petitioner leave, pursuant to 28 U.S.C. § 1782, to serve the subpoenas attached to this Application as Exhibits A-K; and (d) grant any and all other further relief to Petitioner as deemed just and proper.

Respectfully submitted this 22nd day of February, 2022.

**BAKER & HOSTETLER LLP**

*/s/ Oren J. Warshavsky*

Oren J. Warshavsky
owarshavsky@bakerlaw.com
Gonzalo S. Zeballos
gzeballos@bakerlaw.com
Michelle R. Usitalo
musitalo@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201

*Attorneys for Petitioner*